**Opinion issued July 26, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-01078-CV

————————————

## MICHAEL JON LEHANE AND ALL OCCUPANTS OF
## 7122 ALDERNEY DRIVE, HOUSTON, TEXAS 77055, Appellants
## V.
## DENNIS M. BUCHANAN, Appellee

---

**On Appeal from the County Court at Law Number 3**
**Harris County, Texas**
**Trial Court Case No. 1003349**

---

### MEMORANDUM OPINION

Michael Jon Lehane and his wife defaulted on the terms of a deed of trust on

their home, and the property became the subject of a foreclosure sale. Dennis

Buchanan bought the property, located at 7122 Alderney Drive in Houston, at the

sale.  Buchanan demanded possession of the property and served Lehane with a notice to vacate the premises.  Thereafter, Buchanan and Lehane entered into an agreement that permitted Lehane to continue to possess the property in exchange for Lehane's payment of $2,750 per month.  In August 2011, however, Buchanan exercised his right to terminate their agreement and notified Lehane in writing that he must surrender the property in thirty days; or Buchanan would file suit and seek attorney's fees.  Lehane did not comply with Buchanan's renewed demand to vacate, and Buchanan filed this forcible detainer suit in justice court.  The justice court ruled in Buchanan's favor.  Lehane appealed the ruling de novo to the county court at law; Buchanan again prevailed.

On further appeal to this court, Lehane contends that no evidence supports the trial court's decision to award Buchanan possession of the property.  He further claims that Buchanan was not entitled to recover attorney's fees.  Finding no error, we affirm.

## Background

The Lehanes failed to make mortgage payments or cure their default when notified of it.  Under those circumstances, the property's deed of trust allowed the lender to accelerate demand for money due under the note and, if left unpaid, sell the property at a foreclosure sale.  Upon foreclosure, the deed of trust provided that the borrowers, or anyone holding possession of the property through the borrowers,

2

would become tenants at sufferance if they failed to surrender possession of the property to the buyer.

After Buchanan bought the property at an August 2010 foreclosure sale, he inspected it and found Lehane and others living there. Buchanan filed suit after demanding that Lehane vacate the premises. Lehane and Buchanan then entered into a "Forbearance Agreement," in which Buchanan agreed to dismiss the suit and allowed Lehane to continue to occupy the premises in exchange for a monthly rental payment.

In August 2011, Buchanan's counsel sent a certified letter informing Lehane that:

> In accord with section 17 of the Forbearance Agreement, notice is hereby given that Dennis M. Buchanan elects to terminate the term of the Forbearance Agreement.
>
> Demand is hereby made that you vacate and surrender possession of the Property within 30 days of the delivery of this notice. If you do not vacate and surrender possession of the Property as herein demanded, Dennis M. Buchanan will file suit seeking possession, monetary damages and attorney fees.

When Lehane failed to comply with the demand, Buchanan sued for forcible detainer in the justice court and secured a ruling in his favor. Lehane sought de novo review in the county civil court at law, which ruled that Buchanan had proved a superior right to possession.

**Forcible detainer**

A forcible detainer action determines the right to immediate possession of real property. *Aspenwood Apt. Corp. v. Coinmach, Inc.*, 349 S.W.3d 621, 635 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Hong Kong Dev. Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Relevant to this case, "[a] person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease . . . ." TEX. PROP. CODE ANN. § 24.002(a)(2) (West 2000). A person claiming a superior right to actual possession generally must give a tenant by sufferance at least three days' written notice to vacate before filing a forcible detainer suit. TEX. PROP. CODE ANN. § 24.005 (b) (West Supp. 2011).

The notice provision serves two functions. First, by giving the tenant-at-sufferance the choice to obey or refuse a demand to vacate, it establishes whether the tenant is committing a forcible detainer. Second, in keeping with the intent that the action be "speedy, simple, and inexpensive," the provision provides the parties with an opportunity to resolve their disputes without the need for resort to the courts. *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 787 (Tex. 2006); *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992).

Lehane concedes that Buchanan alleged in his petition that Buchanan gave the required notice and that he attached copies of the first 2010 notice letter as Exhibit C to the petition. Lehane nevertheless contends that Buchanan failed to prove that he had a superior right to possession, because he did not offer that notice letter into evidence during trial.

Lehane's contention is unavailing in light of other evidence adduced at trial—particularly the second notice letter sent in August 2011 admitted as a trial exhibit. By agreeing to halt the statutory eviction proceedings in exchange for a monthly rental payment, the parties' agreement controls, not the statute. *See* TEX. PROP. CODE ANN. § 24.005(b) (West Supp. 2011) (requiring three-day written notice unless "unless the parties have contracted for a shorter or longer notice period in a written lease or agreement"). Lehane does not complain on appeal that Buchanan failed to comply with the written forbearance agreement or any of its requirements, including thirty days' written notice to vacate the premises. And, by conceding at trial that the parties entered into the agreement, Lehane cannot complain on appeal that Buchanan failed to adhere to statutory requirements that were supplanted by a later agreement. *See id.* Buchanan also notified Lehane in the August 2011 letter of his intent to seek attorney's fees if Lehane failed to vacate the premises. We hold that sufficient evidence supports the trial court's implied finding that Buchanan made a written demand for attorney's fees.

5

## Conclusion

We hold that the trial court did not err in awarding Buchanan possession of the property and his attorney's fees.  We therefore affirm the judgment of the trial court.


                                 Jane Bland
                                 Justice

Panel consists of Justices Bland, Massengale, and Brown.